IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY C. PRYOR,**　　　　　　　　　　CASE NO. 2:07-cv-188

　　**Petitioner,**　　　　　　　　　　　　JUDGE HOLSCHUH
　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE KEMP
**v.**

**MICHAEL SHEETS, Warden,**

　　**Respondent.**

## OPINION AND ORDER

On April 16, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be denied. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**.

Petitioner complains that the Magistrate Judge mischaracterized his claim as raising solely an issue of state law. He objects to the Magistrate Judge's conclusion that the trial court's denial of his request for the appointment of a defense expert at State expense to challenge the interview protocol used by the State's experts was not constitutionally prohibited. He again raises the same arguments previously presented. Additionally, referring to his summary of Dr. Bob Stinson's affidavit submitted in support of his state post conviction petition, petitioner argues that the Magistrate Judge erred in concluding that he failed to make a showing that appointment of a defense expert would have undermined the State's case. *Objections,* at 4.

Petitioner's objections are not well taken.  As discussed by the Magistrate Judge, to the extent that petitioner raises an issue of state law, that claim fails to warrant federal habeas corpus relief.  Additionally, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner's claim that he was denied the right to present a defense and due process in violation of *Ake v. Oklahoma*, 470 U.S. 68 (1985), fails.  The state appellate court refused to consider Dr. Stinson's affidavit as barred under Ohio's doctrine of *res judicata. See State v. Pryor*, 2005 WL 3446357 (Ohio App. 5 Dist. December 5, 2007).  Assuming, however, that consideration of the summary of such affidavit is appropriate in these proceedings, still nothing contained therein rebuts the factual finding of the state appellate court that petitioner had failed to establish prejudice, *see State v. Pryor*, 2004 WL 251659 (Ohio App. 5 Dist. February 2, 2004), nor causes this Court to reach such conclusion.  In short, the record fails to reflect that the state appellate court unreasonably applied *Ake* such that federal habeas corpus relief is warranted.  *See* 28 U.S.C. 2254(d), (e); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*.  This Court has carefully considered the entire record.  For the foregoing reasons and for the reasons detailed by the Magistrate Judge, respondent's objections are **OVERRULED.**

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action hereby is **DISMISSED.**

    **IT IS SO ORDERED.**

Date: May 5, 2008                                                   **/s/ John D. Holschuh**
                                                                            JOHN D. HOLSCHUH
                                                                            United States District Judge